**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANTHONY FOTH, and AARON LUCUS on behalf of themselves and all other similarly situated persons, known and unknown, | |
| Plaintiffs, | |
| v. | |
| INEOS STYROLUTION AMERICA, LLC, | |
| Defendant. | |

## COMPLAINT AT LAW

Plaintiffs Anthony Foth and Aaron Lucus, on behalf of themselves and all other similarly situated persons, known and unknown (the "Plaintiff Class") for their Complaint at Law against Defendant INEOS Styrolution America, LLC ("Styrolution" or the "Company"), state as follows:

### NATURE OF ACTION

1.      This is a class action under the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"), and a collective action arising under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for Defendant's failure to pay Plaintiffs and the Plaintiff Class for all hours worked, including overtime wages.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) because the unlawful employment practices described herein were committed at Defendant's facility in Channahon, Illinois, which is in the Northern District of Illinois.  Additionally, Foth and Lucus reside in this judicial district.

## PARTIES

4.     Plaintiff Anthony Foth is an adult resident of Elwood, Illinois. Foth worked at Styrolution for twenty-nine (29) years and retired on January 4, 2018. At the time of retirement, he was a Maintenance Reliability Technician and was paid $42.00 per hour.

5.     Plaintiff Aaron Lucus is an adult resident of Dwight, Illinois.  Lucus began working for Styrolution in March 2015, and currently remains employed by the Company.  His current position is Maintenance Mechanic, and he is paid $36.31 per hour.

6.     Plaintiffs and the class they seek to represent are current and former hourly employees who have worked for Defendant at its Channahon, Illinois facility in Operations, Maintenance, Logistics and/or the Lab, and were required to don and doff safety equipment and work clothes ("Personal Protective Equipment") at the beginning and end of their respective shifts.  Plaintiffs and the Plaintiff Class were not paid for all time worked, including time spent donning and doffing the required Personal Protective Equipment, and other incidental time.  As a result, Plaintiffs and the Plaintiff Class were not paid overtime as required by the IMWL and FLSA for all hours worked in excess of forty (40) hours in individual workweeks.

7.     Within the prior three (3) years, Plaintiffs were employed by Defendant as "employees" as defined by the IMWL, 820 Ill. Comp. Stat. 105/3(d), and the FLSA, 29 U.S.C. § 203(e)(1).

8. During the course of their employment, Plaintiffs handled goods that moved in interstate commerce and they were not exempt from the maximum hour provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a, and/or the FLSA, 29 U.S.C. § 207.

9. Defendant is a Delaware corporation doing business in Illinois, within this judicial district.

10. Defendant is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

## FACTUAL ALLEGATIONS

11. Styrolution is a global styrenics supplier that provides styrenic applications for many common products across a wide range of industries.

12. The Company schedules Plaintiffs and the Plaintiff Class working in maintenance responsibilities for eight and a half (8.5) hour shifts, which include a thirty (30) minute unpaid meal break. In addition, the Company schedules members of the Plaintiff Class working in operations, logistics and the lab for twelve (12) hour shifts without a specified meal break. Thus, because Plaintiffs and the Plaintiff Class typically work at least five (5) days per week, they are scheduled to work forty (40) hours or more per week.

13. The Company has a dress code policy for its hourly employees at the Channahon facility. Specifically, according to Styrolution's policy "[e]mployees working in Operations, Maintenance, Logistics, and the Lab are required to wear the uniform provided by the company and safety shoes." The dress code policy also refers to a Company safety procedure for Personal Protective Equipment.

14.    The Personal Protective Equipment that Plaintiffs and the Plaintiff Class are required by Styrolution to don and doff each day at the beginning and end of their shifts includes flame-retardant coveralls, steel-toed boots, safety glasses, and a hard hat.

15.    The Personal Protective Equipment is required because Plaintiffs and the Plaintiff Class work with, and are exposed to, dangerous chemicals as part of the Company's business.

16.    Plaintiffs and the Plaintiff Class are required to be ready for work at the start of their shift.  As such, Plaintiffs and the Plaintiff Class must arrive prior to the start of their scheduled shift in order to don their Personal Protective Equipment.

17.    It typically takes Plaintiffs and the Plaintiff Class between five (5) and ten (10) minutes to don their Personal Protective Equipment.

18.    After donning their Personal Protective Equipment, Plaintiffs and the Plaintiff Class walk approximately 250 yards from the employee locker room to the Company's manufacturing floor and/or a meeting room (collectively "work station"), whereupon they begin their shift.

19.    It typically takes Plaintiffs and the Plaintiff Class between two (2) and five (5) minutes to walk from the employee locker room to their work station before their shift.

20.    In total, it would take Plaintiffs and the Plaintiff Class up to fifteen (15) minutes to complete their pre-shift activities.

21.    Although the above-described pre-shift activities are an integral and indispensable part of the principal work activities for which Plaintiffs and the Plaintiff Class are employed, Styrolution does not compensate Plaintiffs and the Plaintiff Class for said time.

22. Plaintiffs and the Plaintiff Class are required by Styrolution to stay at work until the end of their shift. Moreover, the Company prohibits them from leaving their work stations before being properly relieved by the next shift.

23. At then end of their shift, Plaintiffs and the Plaintiff Class would walk approximately 250 yards from their work station to the employee locker room, whereupon they would doff their required Personal Protective Equipment.

24. It typically takes Plaintiffs and the Plaintiff Class between two (2) and five (5) minutes to walk from their work station to the employee locker room at the end of their shift.

25. It typically takes Plaintiffs and the Plaintiff Class between five (5) and ten (10) minutes to doff their Personal Protective Equipment.

26. In total, it would take Plaintiffs and the Plaintiff Class up to fifteen (15) minutes to complete their post-shift activities.

27. Although the above-described post-shift activities are an integral and indispensable part of the principal work activities for which Plaintiffs and the Plaintiff Class are employed, Styrolution does not compensate Plaintiffs and the Plaintiff Class for said time.

28. Thus, the Company failed to compensate Plaintiff and the Plaintiff Class at a rate of one and one-half times their regular hourly rate of pay (the "overtime rate") for all time worked in excess of forty (40) hours in individual workweeks.

29. Styrolution does compensate certain contractors for the time they spend doffing the same Personal Protective Equipment Plaintiffs and the Plaintiff Class are required to don and doff.

## COUNT I – FAIR LABOR STANDARDS ACT
### (Collective Action)

30.     Plaintiffs incorporate Paragraphs 1 – 29 as though fully set forth herein.

31.     This Count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201, *et seq.*, for Defendant's failure to pay Plaintiffs and all others similarly situated at the overtime rate for all hours worked in excess of forty (40) per workweek.

32.     Pursuant to 29 U.S.C. § 216(b), this action may be maintained by a plaintiff who has been damaged by a defendant's failure to comply with 29 U.S.C. §§ 206 – 207.  Plaintiffs attach as Group Exhibit A their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

33.     All past and present hourly employees who have worked for Defendant at its Channahon, Illinois facility during the previous three (3) years in Operations, Maintenance, Logistics and/or the Lab, and were required to don and doff Personal Protective Equipment at the beginning and end of their respective shifts, are similarly situated to Plaintiffs.

34.     Defendant applied its compensation policies, which violate the FLSA, on a company-wide basis, including towards Plaintiffs and the Plaintiff Class.

35.     Plaintiffs and the Plaintiff Class are or were engaged in job duties and responsibilities integral and indispensable to the operation of Defendant's business, and neither Plaintiffs nor any other member of the Plaintiff Class has received proper overtime compensation for all hours worked over forty (40) in one workweek.

36.     Defendant's failure to pay compensation for all time worked and, as a result, its failure to pay compensation at the overtime rate for all hours worked over forty (40) per workweek, is a willful violation of the FLSA, since Defendant's conduct shows that it either

knew that its conduct violated the FLSA or showed reckless disregard for whether its actions complied with the FLSA.

37.     Plaintiffs' experiences are typical of the experiences of the putative class members.

38.     For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time, as determined by this Court, is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

39.     The members of the Plaintiff Class who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a)      Awarding judgment for back pay equal to the amount of all unpaid wages for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b)      Awarding liquidated damages in an amount equal to the amount of unpaid overtime compensation found due pursuant to 29 U.S.C. § 216(b);

c)      Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

d)      Awarding reasonable attorneys' fees and costs incurred in filing this action;

e)      Entering an injunction precluding Defendant from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

f)      Ordering such other and further relief as the Court deems appropriate and just.

## COUNT II – ILLINOIS MINIMUM WAGE LAW
### (Class Action)

40.     Plaintiff incorporates Paragraphs 1 – 29 as though fully set forth herein.

41.     This Count arises from Defendant's violation of the IMWL, 820 Ill. Comp. Stat. 105/1, *et seq.*, for Defendant's failure to pay Plaintiffs and the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

42.     Plaintiffs and the Plaintiff Class were entitled to be compensated for all work performed, including but not limited to time spent donning and doffing required Personal Protective Equipment.

43.     Pursuant to the IMWL, for all weeks during which Plaintiffs and the Plaintiff Class worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

44.     Defendant has violated the IMWL by failing to compensate Plaintiffs and the Plaintiff Class at the overtime rate for all hours worked in excess of forty (40) per workweek.

45.     Plaintiffs seek certification of this lawsuit as a class action in order that their rights and those of the Plaintiff Class, including all overtime and other wages due, , statutory damages, prejudgment interest and any other damages due, be resolved.

46.     This action is brought as a class action under Fed. R. Civ. P. 23(b)(3) because the number of individuals who comprise the Plaintiff Class is so numerous that joinder of all Class members is impracticable.  While the precise number of members of the Class has not been determined at this time, Plaintiffs believe Defendant has employed in excess of fifty (50) persons who have been subject to Defendant's common unlawful pay practices during the statutory three (3) year period preceding the filing of this Complaint.

47.     Plaintiff and the Plaintiff Class have been equally affected by Defendant's failure to properly pay overtime wages.

48.     The Plaintiff Class members who are still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

49.     The issues involved in this lawsuit present common questions of law and fact, which predominate over any variations that may exist between members of the Class.

50.     Plaintiffs, the Plaintiff Class, and Defendant have a commonality of interest in the subject matter and remedy sought.

51.     Plaintiffs are able to fairly and adequately represent and protect the interests of the members of the Plaintiff Class.

52.     Plaintiffs' Counsel is competent and experienced in litigating large wage and hour class and collective actions.

53.     If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions, creating a hardship to the members of the Class, to the Court, and to Defendant.  Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit and distribution of the common fund to which the Class is entitled.

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated persons, known and unknown, respectfully requests that this Court enter an order as follows:

a)     Determining that this action may be maintained as a class action under Fed. R. Civ. P. 23(b)(3);

b)     Appointing Plaintiffs as Class Representatives and their Counsel as Class Counsel;

c)     Awarding judgment in an amount equal to all unpaid back pay owed to Plaintiffs and all others similarly situated pursuant to the IMWL;

d)      Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

e)      Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

f)      Awarding reasonable attorneys' fees and costs incurred in filing this action;

g)      Entering an injunction precluding Defendant from violating the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1 *et seq.*; and

h)      Ordering such other and further relief as this Court deems appropriate and just.

Dated: January 22, 2019                               Respectfully submitted,

Marc J. Siegel, IARDC No. 6238100                 ANTHONY FOTH, AARON LUCUS on
Bradley Manewith, IARDC No. 6280535               behalf of themselves and all other similarly
James D. Rogers, IARDC No. 06324570               situated persons, known and unknown
SIEGEL & DOLAN LTD.
150 North Wacker Drive, Suite 3000
Chicago, Illinois 60606                           By:/s/ Bradley Manewith_____
Tel. (312)878-3210                                     Attorney for Plaintiffs
Fax (312)878-3211
msiegel@msiegellaw.com
bmanewith@msiegellaw.com
jrogers@msiegellaw.com